**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL JOSEPH PRATT, | No. 10-16028 |
| Petitioner - Appellant, | D.C. No. 2:02-cv-00872-MCE-JFM |
| v. | |
| ANTHONY HEDGPETH, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Chief District Judge, Presiding

Argued and Submitted April 19, 2013
San Francisco, California

Before: HAWKINS, GRABER, and CHRISTEN, Circuit Judges.

California state prisoner Michael Joseph Pratt appeals the district court's

denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.     Scope and Standard of Review**

Habeas petition relief is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and cannot be granted unless the state court's adjudication of the merits of the petitioner's claim was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).

Pratt filed his federal habeas petition after the effective date of AEDPA, but the California Supreme Court denied Pratt's state habeas petition as untimely, citing *In re Robbins*, 959 P.2d 311, 317–18 (Cal. 1998).  We agree with Pratt that there was no state decision on the merits of his claim and that the state waived its procedural default argument by raising it for the first time on appeal.  *See Franklin v. Johnson*, 290 F.3d 1223, 1229–32 (9th Cir. 2002).  Accordingly, we review Pratt's habeas claim de novo, *see Scott v. Ryan*, 686 F.3d 1130, 1133 (9th Cir. 2013) (per curiam), and the limitation on reviewing evidence presented for the first time in federal habeas proceedings outlined in *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011), does not apply.  *See Gentry v. Sinclair*, 705 F.3d 884, 896–97 (9th Cir. 2012).

**2.** *Strickland* **Claim**

Pratt contends his trial counsel rendered ineffective assistance by failing to fully investigate and present a mental health defense. Under *Strickland v. Washington*, 466 U.S. 668 (1984), Pratt must demonstrate that: (1) his "counsel's representation fell below an objective standard of reasonableness," *id.* at 688; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. Our review of counsel's performance is "highly deferential," with a presumption that counsel's conduct was reasonable. *Id.* at 689.

Pratt failed to demonstrate that his counsel's decision to pursue an "all or nothing" self-defense strategy was deficient. Given Pratt's two prior strikes, the "perfect" self-defense tactic was within the range of defense counsel's permissible strategic decisions. Pratt argues that this strategy was deficient because self-defense was not a defense to his assault charge (which would also have constituted a "third strike"), but Pratt's counsel successfully achieved an acquittal on the assault charge. On this record, we cannot say that defense counsel's strategic choice fell below an objective standard of reasonableness.

**AFFIRMED.**

3